In re ALBERT O. BROWN & CO.

Ex parte OLMSTED.

(District Court, S. D. New York. June 14, 1909.)

BANKRUPTCY (§ 348*) — CLAIMS — PRIORITY — WAGES—"WORKMAN, CLERK, OR SERVANT."

The manager of a branch office of a broker in another city is not a "workman, clerk, or servant." within the meaning of Bankr. Act July 1, 1898, c. 541, § 64b (4), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), and his claim for wages is not entitled to priority on the bankruptcy of his employer.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. § 348.*]

. In Bankruptcy. On petition to review referee's denial of priority to claim for wages.

Thorndike Saunders, for petitioner.

Ralph Wolf, for receiver.

HAND, District Judge. Act March 2, 1867, c. 176, § 27, 14 Stat. 517, provided that priority should not be given, "except that wages due from him [the bankrupt] to any operative or clerk or house servant" shall be preferred. In the present act (Act July 1, 1898, c. 541, § 64b (4), 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]) the words are "workman, clerk, or servant." "Workman" is possibly a wider phrase than "operative," and "servant" is undoubtedly wider than "house servant"; but the section is obviously copied after the law of 1867.

It is quite clear that Olmsted is not a "workman" for the bankrupt. Nor is he a "servant," because the term does not include all instances of the formal relation of master and servant. In so far as In re Caldwell (D. C.) 164 Fed. 515, decides to the contrary, I cannot agree with it. This seems to me to follow from the previous form of the section which I have cited, and it has been decided. In re Grubbs-Wiley Grocery Co. (D. C.) 96 Fed. 183; In re Smith, 11 Am. Bankr. Rep. 646. In the more limited sense, it is quite clear that Olmsted is not a "servant."

The only thing left that he could be, therefore, is a "clerk." No one would think of calling the manager in charge of the Chicago branch of a broker's office a "clerk"—he himself least of all. Whether or not he is employed for "wages," he is much distinguished from a clerk.

The petition will be denied, and the order of the referee affirmed, with costs of the proceeding to complainant.